The opinion of the court was delivered by
Manning, C. J.
The plaintiff’s suit is for the reduction of the assess *271 ment of the St. Charles Theatre in this city, of which it is the owner. The assessment was forty thousand dollars, and was made in 1877. The claim is for its reduction to one half that sum. During August of that year the assessment rolls were exposed for inspection and amendment, as required by the law enacted a few months before. Sess. Acts 1877, p. 136 sec. 87. The theatre was then owned by DeBar, who through his agent applied for a reduction of the assessment to thirty thousand dollars, which was the sum for which it was insured. The Board of Assessors rejected this application, whereupon the plaintiff, through its President, who held a mortgage upon the property which was about to be foreclosed, in its own behalf and of DeBar, applied to have the matter-submitted for revision to two persons as authorized by sec. 88 of the same act. That section is as follows :
“That any person whose request for correction of assessments shall have been refused by the board of assessors, may submit his ease to two persons paying taxes on real estate and personal property in the assessment district in which the property assessed is located, one to be selected by the taxpayers, and one by the board of assessors, and in case of a disagreement they shall call on a third taxpayer to act as umpire, whose decision shall be final, unless the taxpayer under oath shall allege that gross injustice has been done to him, in which case an appeal shall lie to the courts,” etc.
A. Hero jr. was selected by the party representing the owner of the property and the mortgage creditor, and Jonas Pickles was selected by the Board of assessors, who reported on August 31 that the property should be assessed at forty thousand dollars — in other words that the assessment made by the board should stand. Shortly thereafter, viz on September 19, the plaintiff purchased the property at public auction upon the foreclosure of its mortgage, and on October 15 commenced this proceeding before the Sixth Court. It is a rule upon the defendant to shew cause why this decision of the “ two persons,” selected by the parties, should not be set aside and annulled, and the assessment be reduced to twenty thousand dollars. The lower judge dismissed the rule on hearing, and the plaintiff appeals.
The language of the act of the General Assembly is explicit. When a request for the correction of the assessment rolls is made for the purpose of reducing the valuation of a piece of property, and such request has been refused by the Board of assessors, the party may submit his case to two persons, who shall be taxpayers, one of whom is to be selected by himself and the other by the board, and in case of their disagreement a third taxpayer shall act as umpire, whose decision shall be final, unless the applicant shall allege under oath that gross injustice has been done him, in which case an appeal shall lie to the courts. But *272 what if they do not disagree ? It is apparent that the Act does not provide for an appeal from the decision of the two referees. When it directs that an appeal shall lie from the decision of the umpire when, oath to gross injustice has been made, and whose decision shall be otherwise final, and that he is to be called in only in case of disagreement, it presupposes that in case of agreement of the “ two persons” selected by the parties, the decision which they shall make shall be final. It is obvious therefore that the right of appeal does not come from that act of the General Assembly. Can it be derived from any other source ?
The plaintiff seems to take for granted that the rules of our Codes touching the reference of litigations in the courts to arbitrators governs this case, and cites art. 3097 of the Civil Code, permitting one who is not satisfied with an award to appeal from it, although he had renounced such appeal by the submission, new no. 3130. The case falls under wholly different rules.
Revenue laws provide with great particularity for the assessment of property from which the revenue is to be derived, and for its collection. The assessment is sometimes confided to an individual, as in the Act of 1877 quoad, the country parishes, and sometimes to a Board as in this city. A period is prescribed when parties interested may have their assessments revised, and a mode of doing this is set out. All modern statutes for raising revenue contain some provision for the correction of improper and excessive assessments, and constitute a tribunal to hear and finally determine complaints of that character. If the complaint be, not of any violation of law, but merely of an error of judgment on the part of the assessor, as of over-valuation, the statutory tribunal can alone afford relief, and unless the statute gives the right of appeal therefrom, the decision of such tribunal must be final. And this from necessity, and from the nature of the subject matter. Were it otherwise, the operations of government might be impeded and its machinery effectually clogged by appeals from every assessment. The legislature doubtless thought it was securing the tax-ower from oppressive valuations by compelling the exposition of the tax-roll for a certain period, and according him the right to have the refusal of the Board for reduction reviewed by two persons, in whose selection he could take part, and when they agreed, he should be finally concluded. How much more should he be concluded if these persons not only agreed, but their estimate of value was the same as the actual assessment.
In a late case we said that the award of the referees as to the value of what they considered ought to have, effect. N. O. City R. Co. v. Board of Assessors, 30 Annual, 261, and writers who have made the laws of taxation a special study lay down the rule that the statutory remedy is supposed to be adequate to all the requirements of justice, *273 and if a party fails to appeal to the statutory tribunal for the application,of that remedy, it is his own folly, and if he does appeal to it, and .is dissatisfied with its judgment, he is nevertheless concluded by it. Burroughs Taxation, 238 ; Cooley Tax. 529.
The lower court properly discharged the rule, and its judgment is affirmed.
Rehearing refused.